UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAVJOT SINGH,

               Petitioner,           Case Number 2:19-CV-13555
                                           HON. GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

O.T. WINN,

               Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Navjot Singh, ("Petitioner"), incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* habeas corpus petition challenging his state conviction for armed robbery and assault with intent to commit murder. For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner pleaded no-contest to the above charges in the Calhoun County Circuit Court.  The judge asked petitioner if he wanted to enter a plea that day and he responded affirmatively.  The judge asked petitioner if he was a United States citizen and he replied "yes."  The judge indicated that an interpreter was supposed to be coming at ten o'clock that morning

- 1 -

for petitioner. (ECF No. 9-5, PageID. 208-209).    At this point, defense counsel informed the judge that "[a]ctually as far as the English language he [Singh] does pretty good as long as we go slow and I've always been able to communicate with him." (*Id.*, PageID. at 209). The trial court asked Singh if this was accurate, to which he replied, "Yes, ma'am." (*Id.*).

The following exchange between petitioner and the trial court occurred:

> THE COURT: Are you comfortable enough with English to go forward with the plea?
>
> THE DEFENDANT: Yep.
>
> THE COURT: Yes? Do you understand what I'm saying to you?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: If you don't will you tell me that you don't understand?
>
> THE DEFENDANT: Okay.

(*Id.*).

When the judge asked petitioner again if he was a United States citizen, petitioner clarified that he was actually in the United States on asylum status. (*Id.,* PageID. at 210).  In response to the judge's questions, petitioner acknowledged that his no-contest plea could affect his immigration status.  He also informed the judge that his family had retained

an immigration attorney in regards to his immigration status. (*Id.,* PageID. at 210-211).

The judge advised petitioner of the charges and the possible penalties and petitioner claimed he understood them. (*Id.*, PageID. at 211-212).  Although there was no plea agreement between the prosecutor and the defense, the judge indicated that she had entered into a *Cobbs* [1] agreement with petitioner, in which she agreed to sentence him on the minimum sentence to no greater than the middle of the sentencing guidelines range.  Petitioner acknowledged that this was his understanding of the agreement. (*Id*., PageID. at 212).

The following exchange then occurred between the judge and petitioner:

> THE COURT: Very good.  Mr. Singh did you have a chance to go over an advice of rights form with your attorney? rights?
>
> THE DEFENDANT: Yes ma'am.
>
> THE COURT: Did you read and understand all of these rights?

---

[1] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty or no-contest and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x. 701, 703, n.1 (6th Cir. 2007).

- 3 -

THE DEFENDANT: Yes ma'am.

THE COURT: And you can read in English, correct?

THE DEFENDANT: Yes ma'am.

THE COURT: Do you understand that by entering pleas today, you are giving up all of the rights listed on this form?

THE DEFENDANT: Yes ma'am.

THE COURT: And you sign acknowledging that you had read this?

THE DEFENDANT: Yes ma'am.

THE COURT: Do you have any questions for me about your rights?

THE DEFENDANT: No. (*Id.*, PageID. at 213-214).

Petitioner acknowledged to the judge that he had not been promised anything other than the stated sentence agreement to plead no-contest. Singh also acknowledged that he was not forced or threatened to plead no-contest and he was doing so because it was his own choice. (*Id.*, PageID. at 215).

The following factual basis was made out for the no-contest plea. On December 28, 2015, petitioner assaulted store clerk, Rohit Makhija, with a hammer. The victim was "beaten about the head and the rest of his body." Petitioner was  wearing a scarf, hat, and gloves during the assault.  The responding police officers discovered that money was taken out of the cash

register.  Police learned after further investigation that petitioner purchased the gloves, hat, and a scarf from Horrock's "prior to the robbery according to the witness Mr. Scott Carrington." Carrington drove petitioner "to the area [where the store was located]." When petitioner returned to the car, he "made admissions that he had robbed the place." Petitioner  borrowed the hammer that he used in the robbery from Carrington. It was also determined during the plea hearing that "because of the nature of circumstances of the beating with the hammer and the injuries suffered by the clerk, clearly inference could be made that there was an intent to kill." (*Id.*, PageID. 215-217).

An interpreter appeared for petitioner at sentencing to translate the proceedings into Punjabi for petitioner. (ECF No. 9-6, PageID. 222). Defense counsel moved to withdraw the plea, on the ground that petitioner claimed he was innocent. Petitioner also informed the judge, through his interpreter, that he wished to withdraw the plea because he was innocent of the charges. (*Id.*, PageID. at 223-225).  The prosecutor reviewed the evidence with the judge and indicated that a videotape showed petitioner with another person buying the gloves and scarf that were used in the robbery.  The prosecutor indicated that a videotape also showed petitioner wearing these items while committing the robbery. The prosecutor also

indicated that there was evidence that petitioner called his employers [who owned the store that was robbed] to apologize for the robbery while he was on the run from the police. (*Id.*, PageID. at 225-226).  Petitioner's counsel informed the judge that petitioner claimed it was the taxi driver and not him who actually committed the crime and that this person forced petitioner to somehow participate.  Petitioner again denied committing the robbery and assault. (*Id.*, PageID. at 226-227).  The judge denied the motion to withdraw the plea. (*Id.*, PageID. at 227-229).  Petitioner was sentenced to 12-25 years on the armed robbery conviction and 10-25 years on the assault with intent to commit murder conviction. (*Id.*, PageID. at 250).

Petitioner's conviction was affirmed on direct appeal. *People v. Singh*, No. 337465 (Mich. Ct. App. Apr. 20, 2017); *lv. den.* 501 Mich. 947, 904 N.W. 2d 611 (2017).

Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice because it contained claims that had not yet been exhausted with the state courts. *Singh v. Winn*, No. 2:18-10496, 2018 WL 1071901 (E.D. Mich. Feb. 27, 2018); *app. dism.* No. 18-1359, 2018 WL 4692329 (6th Cir. June 7, 2018).

Petitioner returned to the state courts and filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq*., which

was denied. *People v. Singh,* No. 16-1049-FC (Calhoun Cty.Cir.Ct., Aug.

20, 2018)(ECF No. 9-11, PageID. 578-579).   The Michigan appellate

courts denied petitioner leave to appeal. *People v. Singh,* No. 36672

(Mich.Ct.App. Mar. 8, 2019); *lv. den.* 504 Mich. 958, 932 N.W.2d 626

(2019).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court did abuse its discretion when it failed to advise
the defendant of his constitutional rights, pursuant to *Boykin v.
Alabama*, and relevant Michigan law during the plea
proceedings, warranting a reversal of his judgment of conviction
and sentence.

II. The interests of justice, under the circumstances, warrants
the setting aside of the defendant's *nolo contendere* plea.

III. Navjot Singh is entitled to post-conviction relief in this 6500
proceeding because his "no contest"  plea-based convictions
for armed robbery and assault with intent to commit murder
occurred as a direct result of constitutional rights of one who is
"actually innocent" thereby resulting in a fundamental
"miscarriage of justice" in contempt of due process in
contravention of the 14th Amendment.

IV.  Navjot Singh is entitled to post-conviction relief in this 6500
proceeding where he has effectively established his entitlement
to relief and has demonstrated both cause and 'actual
prejudice" as a result of his "actual innocence" and ineffective
assistance of counsel pursuant to MCR D(3)(a)(b).

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. DISCUSSION

The Court will discuss petitioner's substantive claims together because they are interrelated.   Petitioner in his first claim alleges that his no-contest plea was  involuntary because he was not advised on the record by the judge of the constitutional rights to a trial that he would be giving up by entering his plea. Petitioner also claims that his plea was involuntary because he is a native Punjabi speaker with limited English language skills and the plea was taken without an interpreter present to translate the proceedings into Punjabi for petitioner.  Petitioner also claims that his trial attorney tricked him into pleading no-contest.  Petitioner also claims that the plea should have been set aside because he is actually innocent. In his third claim, petitioner argues that his plea is involuntary because he did not understand the elements of the assault with intent to commit murder charge. Petitioner in his second claim argues that the judge should have permitted petitioner to withdraw his plea for these reasons.  Petitioner in his third claim alleges that trial counsel was ineffective for advising him to plead no-contest.  Petitioner alleges that trial counsel did not investigate the case before advising him to take the plea.  In his fourth claim, petitioner alleges the ineffective assistance of appellate counsel.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his no-contest plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013).  Unless a petitioner's guilty or no-contest plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty or no-contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty or no-contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty or no-contest. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his or her plea of guilty or no-contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made

voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty or no-contest plea was properly made are generally accorded a presumption of correctness.  The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*  Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no-contest. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The evidence establishes that petitioner freely and voluntarily pleaded no-contest.  Petitioner was advised of the maximum penalty for the charges and the rights that he would be waiving by pleading no-contest. Petitioner was advised of the terms of the sentencing agreement several times and acknowledged that these were the complete terms of the agreement.  In response to the trial court's questions, petitioner denied that any threats or additional promises had been made to get him to plead no-contest.  Under the circumstances, the transcript and colloquy clearly establish that petitioner's plea was knowingly and intelligently made. *Shanks*, 387 F. Supp. 2d at 749.

Petitioner first claims that his plea of no-contest was not knowingly made, because the trial court failed to advise petitioner on the record of the specific trial rights that he would be giving up by pleading no-contest, specifically, his right against self-incrimination, his right to a jury trial, and his right of confrontation.

In *Campbell v. Marshall,* 769 F. 2d 314, 316-17, 324 (6th Cir. 1985), the Sixth Circuit held that a habeas petitioner's guilty plea was not involuntary despite the trial court's failure to specifically inform the petitioner on the record that he would be waiving his right to be free from self-incrimination, his right of confrontation, and his right to compulsory

process by pleading guilty, where petitioner had been given a document which contained a discussion of each of the constitutional rights that petitioner would waive by pleading guilty and petitioner had completed a written response to the trial court, in which he indicated that he had read and understood the information in the document. In so ruling, the Sixth Circuit indicated that they were "unwilling to hold, as a constitutional requirement applicable in habeas cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment." *Id.* at 324 (quoting *Armstrong v. Egeler*, 563 F.2d 796, 799 (6th Cir. 1977)). Other cases have reached the same decision. *See Winegar v. Corrections Dept.,* 400 F. Supp. 392, 395-97 (W.D. Mich. 1977)(habeas petitioner's plea not invalid merely because he was not advised that a plea of guilty would involve a waiver of the privilege against self-incrimination, of the right to confront one's accusers, and of the right to trial by jury, where the record established that the plea was voluntary).

In the present case, the trial court asked petitioner several times whether he wished to plead no-contest. Petitioner indicated on the record that it was his decision to plead no-contest and that there had been no threats or inducements (other than the *Cobbs* agreement) which had prompted him to enter this plea. Petitioner indicated that he understood the

terms of the *Cobbs* sentencing agreement.  Although the trial court did not

specifically advise petitioner of the various trial rights that he would be

relinquishing by pleading no-contest, petitioner indicated on the record that

he had reviewed and signed the advice of rights form which contained the

trial rights that he would be waiving by entering his plea.  Petitioner

indicated on the record that he understood the advice of rights form and

acknowledged that he would be waiving the various trial rights contained in

this form by entering his plea.  Under the circumstances, petitioner's plea

was knowingly and intelligently entered. *Campbell,* 769 F. 2d at 324.

Petitioner also claims that his plea was involuntary because he is a

native Punjabi speaker with an insufficient understanding of the English

language who did not have an interpreter present at the plea hearing, even

though one was made available for him at sentencing.

At the time of the plea, the judge was aware that an interpreter was

supposed to appear in court at ten o'clock in the morning.  Defense counsel

informed the judge that petitioner had a pretty good understanding of the

English language.  The judge addressed petitioner and asked him if he

understood English.  Petitioner replied affirmatively.  Petitioner was able to

respond appropriately to all of the judge's questions and advice. Petitioner

was able to reply in English that he understood the rights he was giving up

- 14 -

by pleading no-contest as well as the terms of the sentencing agreement. In response to the judge's advice, petitioner indicated he understood that the plea could adversely affect his immigration status.  Petitioner was even able to clarify to the judge that petitioner was not a citizen but in the United States on asylum status.  Under the circumstances, the record establishes that petitioner had a sufficient understanding of the English language, thus, his plea was voluntary even though he did not have an interpreter present at the plea hearing. *See United States v. Dominguez-Devalle*, 32 F. App'x. 702, 703 (6th Cir. 2002); *Traini v. Curtin*, No. 1:07-CV-80, 2009 WL 5171887, at * 15-16 (W.D. Mich. Dec. 21, 2009).

Petitioner in his second claim also argues that the judge should have set aside his no-contest plea because he is actually innocent of the charges.

Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F.3d 245, 252 (3rd Cir. 2003).  "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty or no-contest plea, even on direct appeal. See *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996).

Petitioner's mere recantation of his no-contest plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* For a plea withdrawal motion to be successful, a defendant must set forth a legally cognizable defense to the charges against him or her, which requires more than a general denial to put the government to its proofs; rather, a defendant must affirmatively advance an objectively reasonable argument that he or she is innocent. *United States v. Weaver*, 112 F. Supp. 2d 1, 7-8 (D.D.C. 2000)(internal citations omitted).

In the present case, petitioner presented no factual evidence or reasonable arguments that he is innocent of these charges. Petitioner's conclusory allegation of innocence is therefore insufficient to permit him to withdraw his no-contest plea. *See United States v. Clark,* 429 F. Supp. 89, 93 (W.D. Okla. 1976).

Petitioner also claims his plea was involuntary because he did not understand the elements of the assault with intent to commit murder charge.

It is true that where a defendant pleads guilty or no-contest to a crime without having been informed of the crime's elements, the voluntary, knowing, and intelligent standard for a guilty plea is not met and the plea is invalid. *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). However, a

defendant is presumed to have been informed adequately by his or her defense counsel of the criminal charge to which he or she is pleading guilty or no-contest, even when the trial court record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature or the elements of the charge have been explained to the defendant. *See Berry v. Mintzes,* 726 F. 2d 1142, 1147 (6th Cir. 1984). "The presumption is particularly appropriate where, as here, trial counsel was an experienced criminal lawyer." *Id.* Petitioner has presented no evidence to overcome the presumption that his attorney adequately explained the charges to him.

Petitioner lastly claims that his trial attorney tricked him into pleading no-contest. Petitioner does not specify how his lawyer "tricked" him into pleading no-contest. In any event, this claim is defeated by the fact that petitioner expressly denied the existence of any off-the-record promises at the time of his plea, when queried by the trial court. *See Phipps v. Romanowski,* 566 F. Supp. 2d 638, 647 (E.D. Mich. 2008)*; See also Shanks,* 387 F. Supp. 2d at 751.

Petitioner in his third claim alleges that trial counsel was ineffective for failing to investigate any defenses to the charges but instead advising him to plead no-contest.

- 17 -

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

An ineffective assistance of counsel claim based on the failure to investigate must be based upon more than mere speculation that further investigation would have been beneficial to the petitioner. *See Hodge v. Haeberlin,* 579 F.3d 627, 651 (6th Cir. 2009); *Beuke v. Houk*, 537 F.3d 618, 644 (6th Cir. 2008).  Petitioner has offered no specific allegations as to what evidence or witnesses should have been investigated by counsel. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).  Petitioner is not entitled to relief on this claim because it is conclusory and unsupported.

Moreover, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty or no-

contest plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty or no-contest, but would have insisted on going to trial. *Premo v. Moore,* 562 U.S. 115, 129 (2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).  An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59.  The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no-contest. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).  The petitioner must therefore show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty or no-contest, because there would have been a reasonable chance that he would have been acquitted had he or she insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).  The test of whether a defendant would have not pleaded guilty or no-contest if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the

plea bargain would have been rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012)(quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim, because he failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no-contest. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750.  Other than his self-serving statement, petitioner has offered no evidence to this Court that he has a meritorious defense to the charges. Petitioner is not entitled to relief on his third claim.

Petitioner in his fourth claim alleges that appellate counsel was ineffective for failing his third claim on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel both on appeals of right, *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985), and on first-tier discretionary appeals. *Halbert v. Michigan*, 545 U.S. 605, 609–10 (2005).  Nonetheless, court appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  A habeas court reviewing an ineffective assistance of

appellate counsel claim must defer twice: first to appellate counsel's decision not to raise an issue and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 119 (2016)(per curiam).

Petitioner's third claim is meritless. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Petitioner is not entitled to relief on his fourth claim.

## IV.  CONCLUSION

The petition for writ of habeas corpus is denied with prejudice.

The Court denies a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED**.

IT IS FURTHER ORDERED that Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

Dated:  September 8, 20220

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 8, 2022, by electronic and/or ordinary mail and
also on Navjot Singh #277894, Saginaw Correctional Facility,
9625 Pierce Road, Freeland, MI 48623.

s/Brianna Sauve
Deputy Clerk

- 23 -